IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company, ) | Civil Action No. 0:12-00151-MBS |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| Kim M. Nivens, Ronald B. Nivens, ) | **ORDER AND OPINION** |
| Laurie Hatcher, Hope L. Hubbard, ) | |
| David Burton Wright, Thomas Stephen ) | |
| Jones, Tia Jones, Joshua Lane Carpenter, ) | |
| and Christina Queen, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff State Farm Fire and Casualty Company ("Plaintiff") filed this declaratory judgment action against Defendants Kim M. Nivens, Ronald B. Nivens, Laurie Hatcher ("Hatcher"), Hope L. Hubbard ("Hubbard"), David Burton Wright ("Wright"), Thomas Stephen Jones ("Thomas Jones"), Tia Jones, Joshua Lane Carpenter ("Carpenter"), and Christina Queen ("Queen"), seeking a declaration by the court that Plaintiff does not have an obligation to defend and/or indemnify Kim M. Nivens and Ronald B. Nivens (collectively the "Nivens") under Homeowners Insurance Policy 40-B9-4241-5 (the "Policy"), which policy was issued to the Nivens by Plaintiff. (ECF No. 1.) Specifically, Plaintiff asks the court to declare that the Policy does not require it to either defend the Nivens "for any action brought against them for personal injury or property damage arising out of the September 29, 2011 cow/vehicular accident or provide[] coverage to pay any claim of any person who sustained property damage or bodily

1

injury as a result of same."[1]  (Id. at 6.)  This matter is before the court on Plaintiff's motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (ECF No. 77.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.[2]  On April 17, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court deny Plaintiff's motion for summary judgment.  (ECF No. 103.)  Plaintiff filed objections to the Report and Recommendation on May 2, 2013.  (ECF No. 105.)  For the reasons set forth below, the court adopts the Report and Recommendation of the Magistrate Judge and **DENIES** Plaintiff's motion for summary judgment.

## I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The facts as viewed in the light most favorable to the non-moving parties are as follows.

The Nivens live on 5 acres of land located in Clover, South Carolina.  (ECF No. 82-1, pp. 7:11-14, 10:10-12.)  During construction of the house that they live in, the Nivens applied for the Policy in December 1998.  (ECF Nos. 82-2 at 101:1-4, 77-2.)  The tract of land inhabited by the Nivens is situated next to land owned by Dolly Mae Douglas ("Dolly Douglas") and (now deceased) Marshall Fred Douglas ("Marshall Douglas"), the grandparents of Ronald B. Nivens.  (ECF Nos. 82-3 at 8:21-25, 82-1 at 16:23-17:4.)  While he was alive, Marshall Douglas owned cattle with his wife Dolly Douglas.  (ECF No. 83-3 at 14:17-23.)  In 2007, Marshall Douglas gave Ronald B. Nivens 4 cows in exchange for building a fence and helping take care of the rest

---

[1] Plaintiff alleges that Hatcher has filed an action seeking to recover for property damage against Ronald B. Nivens.  (See ECF No. 1, p. 3 ¶ 17.)

[2] The matter was referred to the Magistrate Judge because the Nivens and Queen are proceeding pro se.  See Local Rule 73.02(B)(2)(e) D.S.C.

of his grandparents' cattle. (Id. at 26: 6-9; see also ECF No. 82-1 at 15:14-17:4.)

After Marshall Douglas died in September 2008, Dolly Douglas gave her remaining cattle to Ronald B. Nivens. (ECF Nos. 82-3 at 24:11-17, 83-3 at 8:8-16, 77-6 at 2.) In return for the gift of cattle and for allowing him to use her land to maintain the cattle, Ronald B. Nivens promised to give Dolly Douglas 2 calves per year, or the monetary equivalent thereof. (ECF Nos. 83-3 at 9:23-10:4, 82-1 at 69:5-21, 77-6 at 2.) Thereafter, Ronald B. Nivens purchased a bull, bred cattle, and produced calves, some of which were sold for proceeds used to pay Dolly Douglas and/or to maintain the herd. (ECF No. 82-1, pp. 15:14-16:1, 67:19-25, 89:1-91:2.) For the entire time they owned cattle, the Nivens kept the cows, calves, and the bull on his grandmother's property.[3] (Id. at 23:12-25.)

On September 29, 2011, the Nivens' bull got out of the pasture, entered onto Highway 55 in Clover, South Carolina, and was struck by three vehicles allegedly driven by Hubbard, Wright, and Hatcher. (See ECF No. 82-1, pp. 43:12-48:25; see also ECF No. 1 at 3 ¶¶ 13-15.) When the Nivens learned that their bull had caused an accident, they filed a claim with Plaintiff pursuant to the Policy, which was in full force and effect on September 29, 2011. (ECF No. 83-2, p. 11: 3-6.) Plaintiff's representatives allegedly responded to the claim by telling Kim M. Nivens that she had nothing to worry about, that she did the right thing to call in the claim, and that Plaintiff would take care of her. (ECF No. 82-2, pp. 71:2-7, 72:6-9, 99:6-14.) However, Plaintiff later informed Kim M. Nivens that it was denying the Nivens coverage. (Id. at 87:1-7.) The coverage provisions relevant to the denial of coverage are as follows:

---

[3] In February 2012, the Nivens did keep a calf on their property that one of their children had an interest in. (ECF No. 82-1 at 24:1-7.)

3

SECTION II - EXCLUSIONS:  1. Coverage L and Coverage M do not apply to: . . . b. bodily injury or property damage arising out of business pursuits of any insured or the rental of any part of any premises by any insured.  This exclusion does not apply: (1) to activities which are ordinarily incident to non-business pursuits; (2) with respect to Coverage L to the occasional or part-time business pursuits of an insured who is under 19 years of age; (3) to the rental or holding for rental of a residence of yours: (a) on an occasional basis for the exclusive use as a residence; (b) in part, unless intended for use as a residence by more than two roomers or boarders; or (c) in part, as an office, school, studio or private garage; (4) when the dwelling on the residence premises is a two, three or four family dwelling and you occupy one part and rent or hold for rental the other part; or (5) to farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations; . . . d. bodily injury or property damage arising out of any premises currently owned or rented to any insured which is not an insured location.  This exclusion does not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured; . . . . (ECF No. 1-1 at 34.)

DEFINITIONS: . . . 2. "business" means a trade, profession or occupation.  This includes farming . . . .  5. "insured location" means: a. the residence premises; b. the part of any other premises, other structures and grounds used by you as a residence.  This includes premises, structures and grounds you acquire while this policy is in effect for your use as a residence; c. any premises used by you in connection with the premises included in 5.a or 5.b; d. any part of a premises not owned by an insured but where an insured is temporarily residing; e. land owned by or rented to an insured on which a one or two family dwelling is being constructed as a residence for an insured; f. individual or family cemetery plots or burial vaults owned by an insured; g. any part of a premises occasionally rented to an insured for other than business purposes; h. vacant land owned by or rented to an insured.  This does not include farm land; and i. farm land (without buildings), rented or held for rental to others, but not to exceed a total of 500 acres, regardless of the number of locations.  (Id. at 27.)

On January 16, 2012, Plaintiff initiated a declaratory judgment action in this court. (ECF No. 1.)  Plaintiff's complaint was answered by the Nivens on February 22, 2012; by Hatcher, Thomas Jones, Tia Jones, and Carpenter on February 29, 2012; by Wright on March 2, 2012; and by Hubbard on March 9, 2012.  (ECF Nos. 27, 34, 35, 36, 37, 40, 42.)  However, Queen failed to answer the complaint, move in response to the complaint, or otherwise defend within 21 days after service of process.  (See ECF No. 12.)  As a result, Plaintiff filed a request for entry of

default as to Queen on June 11, 2012, and the clerk entered default against Queen on July 10, 2012. (Id.; see also ECF No. 70.)

On November 13, 2012, Plaintiff moved for summary judgment against the Nivens, Wright, Hubbard, Carpenter, Hatcher, Thomas Jones, and Tia Jones. (ECF No. 77.) Opposition to Plaintiffs' motion for summary judgment was filed by Wright, Hubbard, Carpenter, Hatcher, Thomas Jones, and Tia Jones on November 30, 2012; and by the Nivens on February 28, 2013. (ECF Nos. 82, 83, 84, 92.)

## II.   LEGAL STANDARD

A.   The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

B.   Summary Judgment Generally

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect the

disposition of the case under the applicable law. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248–49 (1986). A genuine question of material fact exists where, after reviewing the record as a whole, the court finds that a reasonable jury could return a verdict for the nonmoving party. Newport News Holdings Corp. v. Virtual City Vision, 650 F.3d 423, 434 (4th Cir. 2011).

In ruling on a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). The non-moving party may not oppose a motion for summary judgment with mere allegations or denials of the movant's pleading, but instead must "set forth specific facts" demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); see Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Anderson, 477 U.S. at 252; Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991). All that is required is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Anderson, 477 U.S. at 249. "Mere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). A party cannot create a genuine issue of material fact solely with conclusions in his or her own affidavit or deposition that are not based on personal knowledge. See Latif v. The Cmty. Coll. of Baltimore, No. 08-2023, 2009 WL 4643890, at *2 (4th Cir. Dec. 9, 2009).

C.     Declaratory Judgment Actions

Under the Declaratory Judgment Act, a district court, in a case or controversy otherwise within its jurisdiction, "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the

litigant.'" Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quoting Pub. Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).  Courts have long interpreted the Act's permissive language "to provide discretionary authority to district courts to hear declaratory judgment cases." United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 493 (4th Cir. 1998). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996) (quoting Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).

D.     Policy Interpretation

Under South Carolina law, insurance policies are subject to the general rules of contract construction. Nationwide Mut. Ins. Co. v. Commercial Bank, 479 S.E.2d 524, 526 (S.C. 1996) (citation omitted).  Courts generally afford policy language its plain, ordinary, and popular meaning. Diamond State Ins. Co. v. Homestead Indus. Inc., 456 S.E.2d 912, 915 (S.C. 1995). In this regard, the insurer's duty under a policy of insurance is set forth by the terms of the policy and cannot be enlarged by judicial construction. S.C. Ins. Co. v. White, 390 S.E.2d 471, 474 (S.C. 1990).  In addition, the insurer shoulders the burden of establishing the exclusions to coverage. Boggs v. Aetna Cas. & Sur. Co., 252 S.E.2d 565, 568 (S.C. 1979).

When ambiguous or conflicting terms are found in an insurance policy, however, those terms must be construed liberally in favor of the insured and strictly against the insurer. Diamond State Ins. Co., 456 S.E.2d at 915. "Where the words of an insurance policy are capable of two reasonable interpretations, the interpretation most favorable to the insured will be adopted." State Farm Fire & Cas. Co. v. Barrett, 530 S.E.2d 132, 135 (S.C. Ct. App. 2000).

"When a policy does not specifically define a term, the term should be defined according to the usual understanding of the term's significance to the ordinary person." Id. at 136; see also USAA Prop. & Cas. Ins. Co. v. Rowland, 435 S.E.2d 879, 881–82 (S.C. Ct. App. 1993) ("In the absence of a prescribed definition in the policy, the term should be defined according to the ordinary and usual understanding of the term's significance to the ordinary person."). Dictionaries are useful starting points for interpreting undefined terms in an insurance policy. See S.C. Farm Bureau Mut. Ins. Co. v. Oates, 588 S.E.2d 643, 646 (S.C. Ct. App. 2003) (citation omitted).

### III.  ANALYSIS

A.  The Magistrate Judge's Report and Recommendation

Plaintiff filed this action seeking a declaration from the court that the Policy does not provide liability coverage to the Nivens for the injuries and damages arising out of the automobile accidents that were caused by the Nivens' bull on September 29, 2011. More specifically, Plaintiff argues that it is not obligated to provide coverage based on two exclusions in the Policy: (1) the business pursuits exclusion that precludes coverage for "bodily injury or property damage arising out of [or in connection with the] business pursuits of any insured," and (2) the owned premises exclusion that precludes coverage for "bodily injury or property damage arising out of any premises [] owned or rented to any insured which is not an insured location." (ECF No. 1-1 at 34.)

Upon her review, the Magistrate Judge found that there was a genuine dispute of material fact regarding whether the Nivens' "cattle activity evinced the continuity and profit motive necessary to constitute a business pursuit." (ECF No. 103 at 10 (citing State Auto Prop. & Cas. Ins. Co. v. Raynolds, 592 S.E.2d 633, 635 (S.C. 2004) ("[A]n insurance provider can establish

that an insured's conduct falls within a "business pursuits" exclusion if the provider proves two elements: continuity and profit motive.")).) The Magistrate Judge further found that there was a question of fact regarding whether the owned premises exclusion barred coverage for damage arising from the pasture where the Nivens' cattle were maintained because the land did not meet the definition of an insured location, requiring that farm land not have a building on it. (Id. at 10 (citing ECF No. 1-1 at 27).) Based on the foregoing, the Magistrate Judge recommended denying Plaintiff's motion for summary judgment.

B.    Plaintiff's Objections to the Report and Recommendation

Plaintiff objects to the Magistrate Judge's Report and Recommendation. Plaintiff complains that in denying its motion for summary judgment, the Magistrate Judge failed to consider (1) the written agreement between Dolly Douglas and Ronald B. Nivens that allowed him to rent her land for housing his cattle; (2) the admission by the Nivens on a tax form that they materially participated in the operation of a business; and (3) the Nivens' tax forms reflecting that their farm equipment was designated for 100% business use. (ECF No. 105 at 1 ¶ 2, 2 ¶¶ 4-5.) Plaintiff further complains that the Magistrate Judge erred by (1) concluding that Plaintiff had never asked the Nivens if they were operating a business; (2) incorrectly quoting the business pursuits exclusion and owned premises exclusion; (3) failing to properly apply the Raynolds ruling to the facts of this case; (4) misconstruing the terms of the owned premises exclusion and its application to the facts; and (5) relying on facts as stated by the Nivens that were not relevant to the issues presented. (Id. at 2 ¶ 3, 3-7.) Finally, Plaintiff complains that the Magistrate Judge failed to make a finding regarding where the cattle were pastured at the time of the automobile accidents on September 29, 2011. (Id. at 2 ¶ 6.) Therefore, based on the evidence submitted, Plaintiff asserts that it is entitled to summary judgment.

C.    The Court's Review

Upon review, the court agrees with the Magistrate Judge that genuine issues of fact preclude finding at the summary judgment stage that Plaintiff is not obligated to provide liability coverage to the Nivens pursuant to either the Policy's business pursuits exclusion or the owned premises exclusion. In this regard, the court is not inclined to make credibility determinations or weigh the evidence at this stage of the matter. See Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004) (citing Thompson v. Aluminum Co. of Am., 276 F.3d 651, 656 (4th Cir. 2002)). Therefore, Plaintiff is not entitled to summary judgment and the case will proceed to a bench trial forthwith.

## IV.  CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Plaintiff's motion for summary judgment. (ECF No. 77.) The case will proceed to a bench trial, which the court will schedule forthwith. Once the trial date is set, an appropriate scheduling order will be entered. The court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
SENIOR UNITED STATES DISTRICT JUDGE

August 12, 2013

Columbia, South Carolina